Filed 12/2/22  P. v. Terp CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>CHAD W. TERP,<br><br>　　　Defendant and Appellant. | A164689<br><br>(Sonoma County<br>Super. Ct. Nos. SCR-747034-1,<br>SCR-738398-1) |

Chad W. Terp's appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Our independent review of the record reveals that Terp has not filed a timely appeal from an appealable order.  We dismiss the appeal.

### BACKGROUND

Terp entered plea agreements in two criminal cases (Nos. SCR-747034-1 & SCR-738398-1) filed by the Sonoma County District Attorney.  On November 5, 2021, Terp was sentenced to the negotiated aggregate term of three years and eight months on both cases.  The trial court imposed a split sentence (Pen. Code, § 1170, subd. (h)(5)(B)):[1]  Terp was to serve the first two years in county jail and the remainder of his sentence on mandatory supervision.  Terp was awarded 89 total days of presentence custody credits (45 days actual/44 days conduct).

---

[1]  Undesignated statutory references are to the Penal Code.

At the same time, Terp was also resentenced, on a case from Napa County, to a concurrent term of 16 months. His custody credits on that case were stated to be 165 days (83 days actual/82 days custody), which was the number of credits calculated at his initial sentencing in Napa County Superior Court.

About a month later, the trial court called the matter because there was confusion regarding custody credits awarded on the Napa case. Defense counsel indicated that she would request a transcript and add the case to calendar if any recalculation was needed.

Almost two months later, defense counsel requested that the matter be set for appearance on February 4, 2022 for modification of "[s]entencing [t]erms." However, on February 4, the matter was dropped from the calendar.

Almost four months after judgment was imposed, Terp filed notices of appeal from a purported judgment or order entered on February 4, 2022, checking the box that indicated the appeal was "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea."

## DISCUSSION

Terp's appointed appellate counsel advised Terp of his right to file a supplemental brief to bring to this court's attention any issue he believes deserves review. Terp filed no such brief.

Terp's notices of appeal (read in conjunction with the record) are unclear. To the extent he attempts to appeal from the November 5, 2021 judgment, we lack jurisdiction because Terp did not file a timely notice of appeal. (Cal. Rules of Court, rule 8.308(a) [notice of appeal generally must be filed within 60 days of rendition of judgment or entry of order being appealed]; *People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9 [judgment is rendered when trial court orally pronounces sentence]; *In re*

2

*Jordan* (1992) 4 Cal.4th 116, 121 ["[u]nless the notice [of appeal] is actually or constructively filed within the appropriate filing period, an appellate court is without jurisdiction to determine the merits of the appeal and must dismiss the appeal"].)  After 60 days passed (on January 4, 2022) without Terp filing a notice of appeal, the judgement became final.

Furthermore, there was no appealable order entered on February 4, 2022.  (See § 1237, subd. (b) [appeal may be taken from order made after judgment that affects party's substantial rights].)  The record shows that the only order made by the trial court on February 4 was an order dropping the matter from calendar.

In any event, the augmented record shows that the trial court has since recalculated Terp's custody credits to reflect the actual time he spent in custody after his initial sentencing in the Napa case.  (See § 2900.1.)

#### DISPOSITION

The appeal is dismissed.

3

_____
BURNS, J.

We concur:

_____
SIMONS, ACTING P.J.

_____
WISEMAN, J.*

A164689

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4